PETER KMETO
Attorney at Law
State Bar #78827
1007 Seventh Street, Suite 100
Sacramento, CA 95814
(916)444-7420; FAX: (916) 914-2357
email: pkmeto@sbcglobal.net

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. CR-S-14-00223 MCE |
|---|---|
| Plaintiff, | |
| vs. | STIPULATION AND ORDER CONTINUING STATUS CONFERENCE DATE |
| BRENT LEE NEWBOLD, | |
| Defendant | |

Defendant: BRENT LEE NEWBOLD, through his attorney, PETER KMETO, and the United States of America, through its counsel of record, MICHAEL M. BECKWITH, stipulate and agree to the following:

1. The presently scheduled Status Conference date of March 12, 2015, shall be vacated, and said Hearing be rescheduled for April 9, 2015 at 9:00 a.m. for further status.

2. Time will be excluded under Local Rule T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a. The government has provided Defense Counsel with discovery associated with this case which includes: investigative summaries;

1

investigative reports and related documents in electronic form which is quite voluminous (i.e., over 200 megabytes of information).  Defense counsel has reviewed same;

      b. Defense counsel has completed his evaluation of the facts of the case and has recently presented his analysis of the case to the government;

      c. The Government is now in the process of evaluating the defense analysis and counsel for the Government is also in trial, therefore, the parties desire additional time to: complete evaluation of defense analysis; and, thereafter, engage in settlement negotiations;

      d. Counsel for the Defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      e. The government joins the request for the continuance.

      f.  Based on the above-stated findings, the ends of justice served by continuing the case as requested, outweigh the interest of the public and the Defendant in a trial within the original date prescribed by the Speedy Trial Act.

      g.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 12, 2015 to April 9, 2015, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action, outweigh the best interest of the public and the Defendant's in a speedy trial.

      4.    Nothing in this stipulation and order shall preclude a finding that

other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 11, 2015  /s/ MICHAEL M. BECKWITH
Assistant US Attorney
for the Government

Dated: March 11, 2015  /s/ PETER KMETO
Attorney for Defendant
BRENT LEE NEWBOLD

**ORDER**

UPON GOOD CAUSE SHOWN and the stipulation of the two parties IT IS ORDERED that the STATUS CONFERNCE HEARING FOR Defendant, BRENT LEE NEWBOLD be continued to April 9, 2015, as set forth above.  IT IS FURTHER ORDERED that the time from, March 12, 2015 to April 9, 2015 inclusive, is excluded under 18 U.S.C. § 3161(h)(7)(A).  The delay in the proceedings is warranted because defense counsel needs time to review the substantial discovery provided by the government, and needs time to negotiate a possible disposition with the government.  Defense counsel needs to conduct in-person meetings with defendant in order to discuss the facts of this case and advise his client as to how to proceed, and to communicate with government counsel.  Continuing the Status Conference hearing date for an additional period of time would allow defense counsel reasonable time to undertake these tasks.  This Court therefore finds that the failure to grant a continuance of the preliminary hearing would "deny counsel for the defendant the reasonable time necessary for

3

effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv) [Local Code T4].  Accordingly, this Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

   IT IS SO ORDERED.

Dated:  March 12, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT