PETER KMETO
Attorney at Law
State Bar #78827
1007 Seventh Street, Suite 100
Sacramento, CA 95814
(916)444-7420; FAX: (916) 914-2357
email: pkmeto@sbcglobal.net

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BRENT LEE NEWBOLD,<br><br>　　　　Defendant | Case No. CR-S-14-00223 MCE<br><br><br>STIPULATION AND ORDER CONTINUING STATUS CONFERENCE DATE |

　　　　Defendant: BRENT LEE NEWBOLD, through his attorney, PETER KMETO, and the United States of America, through its counsel of record, MICHAEL M. BECKWITH, stipulate and agree to the following:

　　　　1. The presently scheduled Status Conference date of June 25, 2015 shall be vacated, and said Hearing be rescheduled for July 16, 2015 at 9:00 a.m. for further status and entry of plea.

　　　　2. Time will be excluded under Local Rule T4.

　　　　3. The parties agree and stipulate, and request that the Court find the following:

　　　　　　a.　The parties are engaged in meaningful settlement negotiations. Further time is required for the purposes of: defense review of recent

1

witness statements to be provided by the government; government review of bank documents to be provided by the defense; and, to finalize the agreement.

      b.   Counsel for the Defendant was engaged in a high profile murder case in State Court for the past 3 weeks, therefore his attention was drawn away from finalizing the settlement agreement.

      c. Counsel for the Defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d.   The government joins the request for the continuance.

      e.  Based on the above-stated findings, the ends of justice served by continuing the case as requested, outweigh the interest of the public and the Defendant in a trial within the original date prescribed by the Speedy Trial Act.

      f.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 25, 2015 to July 16, 2015, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action, outweigh the best interest of the public and the Defendant's in a speedy trial.

      4.   Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: June 23 , 2015      /s/ MICHAEL M. BECKWITH
                           Assistant US Attorney
                           for the Government

Dated: June 23, 2015       /s/ PETER KMETO
                           Attorney for Defendant
                           BRENT LEE NEWBOLD

## ORDER

UPON GOOD CAUSE SHOWN and the stipulation of the two parties IT IS ORDERED that the STATUS CONFERNCE HEARING FOR Defendant, BRENT LEE NEWBOLD is continued to July 16, 2015, as set forth above.  IT IS FURTHER ORDERED that the time from, June 25, 2015 to July 16, 2015 inclusive, is excluded under 18 U.S.C. § 3161(h)(7)(A).  The delay in the proceedings is warranted because defense counsel needs time to review the substantial discovery provided by the government, and needs time to negotiate a possible disposition with the government.  Defense counsel needs to conduct in-person meetings with defendant in order to discuss the facts of this case and advise his client as to how to proceed, and to communicate with government counsel.  Defense counsel has been engaged in preparation for and participation in a state murder trial.  Continuing the Status Conference hearing date for an additional period of time would allow defense counsel reasonable time to undertake these tasks.

///

///

///

1  This Court, therefore, finds that the failure to grant a continuance would "deny
2  counsel for the defendant the reasonable time necessary for effective
3  preparation, taking into account the exercise of due diligence." 18 U.S.C. §
   3161(h)(7)(B)(iv) [Local Code T4].  Accordingly, this Court finds that the ends of
4  justice served by granting the continuance outweigh the best interest of the
5  public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).
6          IT IS SO ORDERED.
7
   Dated:  June 25, 2015
8
9
                    _____
10                  MORRISON C. ENGLAND, JR, CHIEF JUDGE
                    UNITED STATES DISTRICT COURT

4